Filed 10/13/23  P. v. Reese CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B323148 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA230274) |
| v. | |
| CLARENCE REESE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Conditionally reversed and remanded.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

In 2005, a jury convicted Clarence Reese of various crimes committed when he was 16 years old. He now appeals from an order denying his motion to transfer this matter to juvenile court. The People concede, and we agree, that the trial court erred in denying the transfer motion.

## BACKGROUND

In 2002, then 16-year old Reese and Juan Saucedo tried to carjack Vuthipong Sanguansukdikosol. Reese or Saucedo shot Sanguansukdikosol, killing him. Reese later told a detective that Saucedo was the shooter.[1]

Reese was prosecuted for Sanguansukdikosol's murder in adult criminal court under a felony murder theory. A jury found him guilty of first degree murder (Pen. Code,[2] § 187, subd. (a)), attempted carjacking (§§ 664, 215, subd. (a)), and first degree burglary (§ 459). (*People v. Reese*, *supra*, B186147.) The jury also found true special circumstance allegations that the murder was committed while Reese was engaged in the commission of attempted carjacking and burglary. (§ 190.2, subd. (a)(17)(L), (G).) The trial court sentenced Reese on the murder count to 25 years to life in prison. This Division affirmed Reese's judgment of conviction. (*People v. Reese*, *supra*, B186147.)

In 2019, Reese petitioned for resentencing under then recently enacted Senate Bill No. 1437, which limited accomplice liability for murder and added section 1172.6.[3] The trial court

---

[1] We derive the background from *People v. Reese* (Mar. 2, 2007, B186147) [nonpub. opn.].

[2] All further undesignated statutory references are to the Penal Code.

[3] Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

2

denied that petition, and this Division affirmed that order on appeal. (*People v. Reese* (Apr. 30, 2021, B301473 [nonpub. opn.].)

In 2021, Reese petitioned for a writ of habeas corpus. We granted the requested relief, vacated the special circumstances finding, remanded to the trial court for consideration of a new resentencing petition, and directed the trial court, upon the filing of a new petition, to vacate Reese's murder conviction and to resentence him on the attempted carjacking and burglary counts. (*In re Reese* (Apr. 28, 2022, B312440) [nonpub. opn.].)

On remand, Reese filed a new petition for resentencing under section 1172.6, and the trial court scheduled a hearing on the petition. Reese also filed a motion to transfer the case to juvenile court under Proposition 57. The trial court denied the transfer motion, saying that even if it had authority or discretion to send the case to juvenile court, it would not exercise it. The trial court then resentenced Reese to a total term of 3 years 10 months, time served.

## DISCUSSION

Reese contends that the trial court erred by denying his motion to transfer the matter to the juvenile court. The People concede the error, and, as we now explain, we agree.

In 2016, California voters enacted Proposition 57, a measure requiring criminal charges against minors to be filed in juvenile court. (See generally *People v. Padilla* (2022) 13 Cal.5th 152, 158–159 (*Padilla*); *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 303.) Under Proposition 57, certain categories of minors can still be tried in adult criminal court but only after a juvenile court holds a transfer hearing to consider factors such as the minor's maturity, degree of criminal sophistication, prior delinquent history, and whether the minor can be rehabilitated.

3

(*Lara*, at p. 305.)  The law applies retroactively to cases in which the judgment was not final when the proposition went into effect. (*Id.* at p. 309.)

Cases not final when Proposition 57 went into effect include ones where the defendant was sentenced in adult criminal court before the initiative's passage, that sentence was vacated, and the defendant is being resentenced after the initiative's passage. (*Padilla*, *supra*, 13 Cal.5th at p. 158.)  The 16-year old defendant in *Padilla* had been convicted of murder in adult criminal court and sentenced to life without the possibility of parole.  (*Id.* at p. 159.)  After that judgment was final, he sought resentencing via a habeas petition based on new United States Supreme Court authority holding unconstitutional mandatory life without the possibility of parole sentences for juveniles.  The trial court vacated Padilla's sentence but reimposed the same sentence. Padilla appealed, and the Court of Appeal vacated the second sentence and remanded for resentencing.  (*Ibid.*)  Weeks later, Proposition 57 was enacted.  On remand, the trial court did not hold a transfer hearing and reimposed the same sentence.

*Padilla*, *supra*, 13 Cal.5th at page 168, held that the defendant was entitled to a transfer hearing because, for the purposes of retroactivity, his conviction was not final.  The court found no meaningful distinction between a conviction that has been vacated after becoming final and one that has never become final at all (i.e., review on direct appeal has not concluded). (*Ibid.*; see also *People v. Ramirez* (2021) 71 Cal.App.5th 970, 996–1000.)  Thus, nonfinal judgments include ones where "resentencing that occurs after a defendant's original sentence is vacated in a habeas corpus proceeding."  (*Padilla*, at p. 163.)

That is the scenario here. Reese was sentenced in 2005, before Proposition 57's enactment in 2016. In 2021, we granted his petition for writ of habeas corpus, vacated the special circumstances finding, and remanded to the trial court for consideration of a new resentencing petition with the direction to vacate Reese's murder conviction and to resentence him on the attempted carjacking and burglary counts. (*In re Reese*, *supra*, B312440.) As Reese's judgment was therefore not final, the trial court should have conducted a transfer hearing.

And although the People do not argue that remand is unnecessary based on statements the trial court made suggesting it would not have, in any event, sent the matter to juvenile court, we would reject any such argument. First, the trial court clearly did not think it had authority to hold a transfer hearing. Second, it did not consider the factors necessary to determine Reese's unsuitability for rehabilitation under the juvenile court system. (See generally Welf. & Inst. Code, § 707, subd. (a)(3).)

## DISPOSITION

The order is conditionally reversed and remanded with the direction to the trial court to conduct a juvenile transfer hearing. If, after the hearing, the trial court determines it would have transferred Reese to adult criminal court, then his sentence shall be reinstated. If the trial court determines it would not have transferred Reese to adult court, then the trial court must treat the conviction as a juvenile adjudication.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

EGERTON, J.